# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

STEPHANIE JENNINGS, :

   Plaintiff, :

v. : CA 2:12-00735-C

CAROLYN W. COLVIN,
Acting Commissioner of Social Security, :

   Defendant. :

## MEMORANDUM OPINION AND ORDER

The Plaintiff brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Docs. 23 & 24 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings.").) Upon consideration of the administrative record ("R.") (doc. 12), the Plaintiff's brief (doc. 15), the Commissioner's brief (doc. 21), and the arguments presented at the July 23, 2013 hearing, it is determined that the Commissioner's decision denying benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* doc. 24 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for

# I. Procedural Background

On or around August 28, 2006, the Plaintiff filed an application for DIB and SSI (R. 175-182), alleging disability beginning June 1, 2005 (*see, e.g.*, R. 15). Her application was initially denied on September 29, 2006. (R. 93-97.) A hearing was then conducted before an Administrative Law Judge on December 3, 2008. (R. 32-51). On May 19, 2009, the ALJ issued a decision finding that the claimant was not disabled (R. 75-87), and the Plaintiff sought review from the Appeals Council (R. 445-46). On August 27, 2009, the Appeals Council vacated the ALJ's decision and remanded the case for further consideration (Tr. 88-91.) On July 28, 2010, the ALJ held a second hearing (R. 52-72), and, on September 17, 2010, the ALJ issued a second unfavorable decision finding, again, that the claimant was not disabled (R. 12-27). On November 15, 2010, the Plaintiff sought review from the Appeals Council (R. 9), and, on November 18, 2010, and May 27, 2011, the Plaintiff submitted additional evidence to the Appeals Council.[2] (R. 263-69.) On May 24, 2012, the Appeals Council issued a decision declining to review the ALJ's September 17, 2010 decision. (R. 3-8.) On June 5, 2012, the Plaintiff submitted

---

this judicial circuit in the same manner as an appeal from any other judgment of this district court.").)

[2] In the November 18, 2010 letter, the Plaintiff requested that the Appeals Council consider an enclosed affidavit of the Plaintiff, in which she stated that she has not obtained a GED. (R. 263-65.) The November 18, 2010 letter is contained in the record, (*id.*), but the affidavit is not. In addition, subsequent letters sent by Plaintiff's counsel to the Appeals Council on February 2, 2011, June 5, 2012, and August 20, 2012, were omitted from the record. (*See* doc. 13.) Therefore, the Plaintiff filed a motion before this Court (*id.*) requesting that the Court correct the record by adding the Plaintiff's affidavit (*id.* at 3) and Plaintiff's counsel's three letters (*id.* at 4-6) to the record.

The undersigned can find no reason why the affidavit and three letters should not be included in the record. The Commissioner, apparently, omitted them from the record by mistake. Accordingly, the Plaintiff's motion (doc. 13) is **GRANTED**, and the Commissioner is **ORDERED** to add the omitted documents (doc. 13 at 3-6) to the administrative record upon remand.

a letter to the Appeals Council requesting that the Appeals Council reopen the appeal to consider the additional evidence submitted by the Plaintiff. (*See* doc. 15 at 1; *see also* R. 1.) On November 9, 2012, the Appeals Council denied the Plaintiff's request to reopen the appeal and granted the Plaintiff an additional 30 days to file a civil action seeking review of the Commissioner's decision. (R. 1-2.) Thus, the ALJ's determination was the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. § 404.981. The Plaintiff filed a Complaint in this Court on December 5, 2012. (Doc. 1.)

## II. Standard of Review and Claims on Appeal

In all Social Security cases, the plaintiff bears the burden of proving that he or she is unable to perform his or her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether the plaintiff has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history. *Id.* Once the plaintiff meets this burden, it becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Although at the fourth step "the [plaintiff] bears the burden of demonstrating an inability to return to his [or her] past relevant work, the [Commissioner of Social Security] has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the ALJ's decision to deny Plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401

3

(1971). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence." *Id.* (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)).

On appeal to this Court, the Plaintiff asserts three separate claims:

1. The ALJ committed reversible error by failing to give proper weight to the opinions of the Plaintiff's treating physician, Roseanne Cook, M.D.;

2. The ALJ committed reversible error in failing to give proper weight to the opinions of the consultative examiner, Donald W. Blanton, Ph.D.; and

3. The Appeals Council committed reversible error by failing to remand this case to the ALJ for consideration of additional evidence submitted by the Plaintiff.

(Doc. 15 at 2.) For the reasons discussed below, because the Court finds that the Appeals Council erred by failing to properly evaluate new evidence submitted by the Plaintiff, the undersigned remands this case to the Commissioner without considering the merits of the Plaintiff's first two claims.

### III. <u>Analysis</u>

On September 17, 2010, the ALJ issued a decision finding that the Plaintiff is not disabled. (R. 15-27.) In reaching his decision, the ALJ found that the Plaintiff has not engaged in substantial gainful activity since the alleged onset date of June 1, 2005. (R. 17.) The ALJ found that the Plaintiff "has the following severe impairments: low back

4

pain, status post back injury MVA; scoliosis; borderline intellectual functioning; Pain disorder; and Depressive disorder, NOS." (*Id.*) The ALJ concluded that the Plaintiff does not "meet[] or medically equal[] one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.*)[3] The ALJ made the following findings with respect to the Plaintiff's residual functional capacity:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) and within the limitations as set forth in the MSS completed by Dr. Kidd, dated April 2, 2009. The claimant would have the mental residual functional capacity to perform work within the limitations as set forth by Dr. McKeown's testimony: a mild limitation in activities of daily living; a mild limitation in social functioning; a moderate limitation in concentration, persistence, and pace; and a moderate limitation in the ability to perform complex tasks.

(R. 18.) In light of his RFC determination, the ALJ concluded that the Plaintiff "is unable to perform any past relevant work," (R. 25), but that "there are jobs that exist in significant numbers in the national economy that the claimant can perform," (R. 26).

The ALJ incorporated into his decision a thorough recounting of the evidence of record. (R. 19-26.) With regard to the Plaintiff's physical limitations, the ALJ

---

[3] The undersigned notes that the ALJ explained the reasons why the Plaintiff does not meet the criteria of Listings 12.02 and 12.04, but did not provide any explanation as to why the Plaintiff does not meet the criteria for Listing 12.05. (R. 17-18.) While the ALJ's failure to specifically address Listing 12.05 was not discussed in the briefs of the parties, (docs. 15 and 21), when considering this matter on remand, it is suggested that the ALJ directly address whether the Plaintiff, in light of her full scale IQ score of 63, meets the criteria of Listing 12.05. *See Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) ("Generally, a claimant meets the criteria for presumptive disability under section 12.05(C) when the claimant presents a valid I.Q. score of 60 to 70 inclusive, and evidence of an additional mental or physical impairment that has more than 'minimal effect' on the claimant's ability to perform basic work activities. . . . This court, however, has recognized that a valid I.Q. score need not be conclusive of mental retardation where the I.Q. score is inconsistent with other evidence in the record on the claimant's daily activities and behavior." (citations omitted)); *see also Thomas v. Barnhart*, No. 04-12214, 2004 WL 3366150, at *3 (11th Cir. Dec. 7, 2004) ("In this case, the ALJ did not set out in detail how, if at all, [plaintiff]'s behavior and daily activities were inconsistent with his IQ score of 69. The ALJ neither rejected the I.Q. score of 69 nor determined that it was inconclusive of mental retardation. Therefore, his finding that [plaintiff] did not meet Listing 12.05(C) is not supported by substantial evidence.").

5

considered all the pertinent evidence,[4] including the opinion of the Plaintiff's treating physician, Dr. Roseanne M. Cook, and the opinion of the consultative examiner, Dr. Huey Kidd. (R. 19-25.) The ALJ ultimately gave more weight to the opinion of Dr. Kidd and concluded that the Plaintiff's limitations were not as severe as Dr. Cook described them. (R. 24-25.) The ALJ also considered the evidence pertaining to the Plaintiff's mental limitations, including the opinion of Dr. Donald W. Blanton, who performed a consultative psychological evaluation, and the opinion of Dr. Doug McKeown, a psychologist who reviewed the evidence of record and testified at the July 28, 2010 hearing.[5] (R. 19-25.) The ALJ ultimately gave more weight to the opinion of Dr. McKeown who concluded that the Plaintiff's mental limitations were not as severe as Dr. Blanton found them to be. (R. 25.)

Following the ALJ's September 17, 2010 decision, Plaintiff's counsel sent to the Appeals Council a letter dated November 18, 2010, requesting that the Appeals Council consider the Plaintiff's enclosed affidavit stating that she has not obtained a GED. (R. 263-65.)[6] On May 27, 2011, plaintiff's counsel sent a letter to the Appeals Council, (R. 267), enclosing the plaintiff's high school records, (R. 269), and additional records from the plaintiff's treating physician, Dr. Cook, (R. 490-95). On May 24, 2012, the Appeals Council issued a decision declining to review the ALJ's September 17, 2010 decision. (R.

---

[4] The ALJ considered all the pertinent evidence that had been presented to him at the time. As discussed below, the ALJ did not consider medical records from the Plaintiff's office visits with Dr. Cook on July 9, 2010, and September 16, 2010, (R. 490-95), because those records were produced to the Appeals Counsel following the ALJ's decision.

[5] As discussed further below, the ALJ was not able to review the Plaintiff's high school records, (R. 269), or the Plaintiff's affidavit, in which she attested that she had not obtained her GED, (doc. 13 at 3), because those documents were produced to the Appeals Council following the ALJ's decision.

[6] As discussed above, *see supra* note 2, the November 18, 2010 letter is contained in the record, (R. 263-65), but the affidavit is not. (*See* doc. 13.)

6

3-8.) The Appeals Council stated that "[they] considered the reasons [the Plaintiff] disagree[s] with the decision and the additional evidence listed on the enclosed Order of Appeals Council," but that "[they] found that this information does not provide a basis for changing the Administrative Law Judge's decision." (R. 3-4.) In the referenced Order of Appeals Council (R. 7), the Appeals Council stated as follows:

> The Appeals Council has received additional evidence which it is making part of the record. That evidence consists of the following exhibits:
>
> Exhibit 10E   Representative Brief (REPBRIEF) dated November 18, 2010[7]
>
> Exhibit 11E   School records from Southside High School
>
> Exhibit 22F   Medical records from Pine Apple Health Center dated October 28, 2009 to September 16, 2010[.]

(*Id.*) The Plaintiff's counsel subsequently submitted a letter to the Appeals Council requesting that the Appeals Council reopen the appeal to consider the additional evidence submitted by the Plaintiff, (*see* doc. 15 at 1; *see also* R. 1), and, on November 9, 2012, the Appeals Council denied the Plaintiff's request to reopen the appeal, stating that "[they] found no reason under [their] rules to reopen and change the decision." (R. 1-2.)

The undersigned agrees with the Plaintiff that the Appeals Council erred by failing to articulate reasons for concluding that the new evidence presented by the Plaintiff did not provide a basis for changing the ALJ's decision. "Generally, a claimant is allowed to present new evidence at each stage of [the] administrative process,"

---

[7]    The Appeals Council did not specifically reference the Plaintiff's affidavit that was submitted to the Appeals Council in conjunction with the November 18, 2010 letter from Plaintiff's counsel, (*see* R. 263-65; doc. 13). Therefore, it is unclear whether the Appeals Council only considered the November 18, 2010 letter, in which Plaintiff's counsel refers to and discusses Plaintiff's affidavit, (R. 263-65), or whether the Appeals Council also considered the affidavit itself. In any event, as discussed below, *see infra* note 9, the Appeals Council was not required to consider the affidavit because it does not constitute "material evidence."

*Flowers v. Comm'r of Soc. Sec.*, 441 Fed. App'x 735, 745 (11th Cir. Sept. 30, 2011) (per curiam) (unpublished) (citing 20 C.F.R. §§ 404.900(b), 416.1470(b); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007)), and there is no indication that the new evidence in this case was not properly presented to the Appeals Council, (*see* R. 1-7; docs. 15 and 21). As the Eleventh Circuit stated in *Flowers*,

> [T]he Appeals Council must consider "new and material evidence" that "relates to the period on or before the date of the administrative law judge hearing decision" and must review the case if "the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." [20 C.F.R. §§ 404.970(b), 416.1470(b).] The new evidence is material, and thus warrants a remand, if "there is a reasonable possibility that the new evidence would change the administrative outcome." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987).
>
> When a claimant properly presents new evidence, and the Appeals Council denies review, the Appeals Council must show in its written denial that it has adequately evaluated the new evidence. *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980). If the Appeals Council merely "perfunctorily adhere[s]" to the ALJ's decision, the Commissioner's findings are not supported by substantial evidence and we must remand "for a determination of [the claimant's] disability eligibility reached on the total record."

*Flowers*, 441 Fed. App'x at 745 (footnotes omitted).

In *Flowers*, the plaintiff presented new evidence to the Appeals Council following the ALJ's denial of her claim. *Id.* at 739-40. The Appeals Council denied review of the ALJ's decision stating that it considered the new evidence and the reasons that the plaintiff disagreed with the ALJ's decision, but that "'[that] information does not provide a basis for changing the Administrative Law Judge's decision.'" *Id.* at 740. The Eleventh Circuit concluded that the Appeals Council did not demonstrate that it adequately considered the new evidence presented by the plaintiff. *Id.* at 745. The Court stated that "apart from acknowledging that [the plaintiff] had submitted new evidence, the Appeals Council made no further mention of it or attempt to evaluate it."

8

*Id.* The Court also concluded that the new evidence presented to the Appeals Council was material because there was a reasonable possibility that it would have changed the outcome of the ALJ's decision. *Id.* at 745, 747. The Eleventh Circuit stated that, "[g]iven the materiality of [the plaintiff's] new evidence . . . , the Appeals Council's failure to evaluate it, alone, requires us to remand this case to the Appeals Council for a disability determination based 'on the total record.'" *Id.* at 747 (citing *Epps*, 624 F.2d at 1273). Accordingly, the Eleventh Circuit reversed the decision of the Appeals Council and "remand[ed] the case to the district court with instructions that it be returned to the Commissioner for consideration of the post-hearing evidence in conjunction with all the other evidence in the record." *Id.*

This Court has followed the analysis in *Flowers* and reached similar conclusions in *Hunter v. Colvin*, No. CA 2:12-00077-C, 2013 WL 1219746 (S.D. Ala. Mar. 25, 2013), and *Perkins v. Astrue*, No. CA 2:11-00603-C, 2012 WL 2508025 (S.D. Ala. June 29, 2012). *See Hunter*, 2013 WL 1219746, at *2-5 ("[B]ecause the Appeals Council . . . provide[d] ***no explanation*** as to why it chose not to give the evidence submitted from Dr. Davis controlling weight, remand would be appropriate for this reason alone."); *Perkins*, 2012 WL 2508025, at *2-5 ("[T]he Appeals Council . . . did not demonstrate that it adequately evaluated the new evidence or did anything more than perfunctorily adhere to the ALJ's decision. On that basis alone, the case must be remanded to the Commissioner.").

Here, the Appeals Council did not meaningfully evaluate the new evidence submitted by the Plaintiff. (*See* R. 3-4.) Rather, the Appeals Council merely provided the following perfunctory language:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.

9

> We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

(*Id.*) This language is identical to the language found to be insufficient in *Hunter* and nearly identical to the language found to be insufficient in *Perkins* and *Flowers*. *Compare id.*, *with Hunter*, 2013 WL 1219746, at *4 ("'In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. . . . **We found that this information does not provide a basis for changing the Administrative Law Judge's decision.**'"), *and Perkins*, 2012 WL 2508025, at *4 ("'[W]e considered the reasons you[] disagree with the decision [and w]e reviewed the additional medical reports that your representative submitted into evidence. We found that this information does not provide a basis for changing the Administrative Law Judge's decision.'"), *and Flowers*, 441 Fed. App'x at 740 ("The Appeals Council stated that it had considered Flowers's reasons for her disagreement with the ALJ's decision and her additional evidence. The Appeals Council concluded 'that this information does not provide a basis for changing the Administrative Law Judge's decision.'"); *see also Johnson v. Comm'r of Soc. Sec.*, No. 6:11-cv-57-Orl-GJK, 2012 WL 469809, at *8 (M.D. Fla. Feb. 13, 2012) (finding similar language to be insufficient); *Bowden v. Comm'r of Soc. Sec.*, No. 6:11-cv-620-Orl-GJK, 2012 WL 2179119, at *8 (same). Like the language in *Hunter, Perkins and Flowers*, the language provided by the Appeals Council in this case fails to demonstrate that the Appeals Council adequately evaluated the new evidence.

Furthermore, the undersigned notes that all of the new evidence submitted to the Appeals Council relates to the period prior to the ALJ's September 17, 2010 decision, (*see* doc. 13 at 3 (Plaintiff's affidavit in which she stated that she never obtained her

GED);[8] R. 269 (high school records from 1990 to 1993); R. 490-95 (medical records from July 9, 2010, and September 16, 2010)), and at least some of the new evidence is material.[9] In particular, the Plaintiff's high school records are material because those records identify her courses, grades and GPA—areas that pertain to the ALJ's analysis regarding the Plaintiff's claim that she is mentally disabled. In fact, the ALJ noted the absence of high school records in the record before him. (R. 25.) Specifically, the ALJ stated that "[t]here are no school records indicating that the claimant was in special education classes or that she was mentally retarded." (R. 25.) Although the high school

---

[8] Although Plaintiff's affidavit is dated November 15, 2010—two months after the ALJ's decision—it relates to the time period before the ALJ's decision because Plaintiff, in an attempt to bring clarity to an area of testimony considered by the ALJ, attested in her affidavit that she never obtained her GED after failing to complete high school, (*see* R. 263; doc. 13 at 3). *See Bowden*, 2012 WL 2179119, at *6 ("[A]lthough Dr. Thebaud's opinion was dated after the date of the ALJ's decision, the opinion unequivocally states that the limitations described therein existed since . . . the alleged onset date. . . . Accordingly, Dr. Thebaud's opinion is "new" because it relates to the period before the ALJ's decision and should have been considered by the Appeals Council.").

[9] The Plaintiff's affidavit does not constitute "material evidence" because the Plaintiff already testified on two occasions that she never obtained a GED, (R. 35, 55), and the ALJ noted in his decision that the Plaintiff testified that she did not obtain her GED, (R. 23, 25). Therefore, Plaintiff's affidavit is cumulative of her prior testimony, and there is not a reasonable possibility that consideration of the affidavit would change the administrative outcome. As such, the Appeals Council was not required to consider Plaintiff's affidavit. *See Ingram*, 496 F.3d at 1261.

Similarly, the new medical records produced to the Appeals Council provide very little new information. Those medical records—additional records from her treating physician, Dr. Cook, regarding office visits on July 9, 2010, and September 16, 2010, (R. 490-95)—simply document the continuation of the Plaintiff's back pain and other medical issues, which were documented extensively in Dr. Cook's office notes from June 2005 to May 2010. (*Compare id.*, *with* R. 315-27, 397-404, 447-51, 457-69, 484-88.) The notes from June 2005 to May 2010 are contained in the record and were considered by the ALJ. (R. 19-20, 22-25.) Therefore, because the new medical records provide, essentially, the same information contained in the medical records considered by the ALJ, there is not a reasonable possibility that consideration of the new records would change the Commissioner's decision. *See McKinney v. Colvin*, No. CV412-312, 2014 WL 953497, at *3 n.2 (S.D. Ga. Mar. 10, 2014) ("[T]he treatment notes add little to the notes to which the ALJ already had access in making his determination. . . . That is, even if the Appeals Council erred by failing to provide an explanation for its finding that these materials were not persuasive, there is simply no reasonable possibility that the evidence would have changed the ALJ's decision. Hence, any error here was harmless.") (citing *Hudson v. Colvin*, No. 4:12cv494-WS, 2013 WL 5522743, at *15 (N.D. Fla. Oct. 3, 2013)).

records subsequently produced to the Appeals Council do not indicate that the Plaintiff was in special education classes or that she was mentally retarded, they provide detailed information regarding her academic performance. (R. 269.) The undersigned is careful not to reweigh the evidence, *see Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) ("'[The Court] may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner.]'") (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)), and, therefore, the undersigned will not comment as to whether the Plaintiff's high school records *should* alter the ALJ's decision. However, the undersigned cannot say that there is not a reasonable possibility that consideration of the high school records would change the administrative outcome because the high school records provide additional information that could inform the ALJ's analysis regarding the Plaintiff's mental abilities. Thus, the Plaintiff's high school records constitute new and material evidence, and the failure of the Appeals Council to meaningfully evaluate that evidence was reversible error.

## IV.   Conclusion

It is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. Furthermore, the Plaintiff's motion to correct the record (doc. 13) is **GRANTED**, and the Commissioner is **ORDERED** to add the omitted documents (doc. 13 at 3-6) to the administrative record. The remand pursuant to sentence four of § 405(g) makes the Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer*, 509 U.S. 292, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993), and terminates this Court's

jurisdiction over this matter.

**DONE and ORDERED** this the 24th day of April 2014.

                                                      s/WILLIAM E. CASSADY
                                                      **UNITED STATES MAGISTRATE JUDGE**