**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

STEPHANIE JENNINGS,                          :

    Plaintiff,                               :

v.                                           :          CA 12-00735-C

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,      :

    Defendant.                               :

**MEMORANDUM OPINION AND ORDER**

This cause is before the Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure, on the petition for authorization of attorney's fees filed pursuant to 42 U.S.C. § 406(b) (doc. 33) and the Commissioner's response (doc. 34).[1] Upon consideration of all pertinent materials contained in the file, it is determined that petitioner should receive a reasonable fee in the amount of $1,884.58 under the Social Security Act.

**FINDINGS OF FACT**

William T. Coplin, Jr., Esquire, has been the Plaintiff's representative since May 27, 2009, and in that capacity has represented the Plaintiff in connection with her claims for disability insurance benefits and supplemental security income.  (*See* doc. 25 at 1.) On May 27, 2009, the Plaintiff executed a fee agreement wherein she agreed to the payment of an attorney's fee equaling twenty-five percent (25%) of all past-due benefits following a favorable decision.  (*See* doc. 33-1, ATTORNEY FEE AGREEMENT ("I,

---

[1]      The Commissioner asserts no objection to the fee petition before the Court.  (Doc. 34.)

Stephanie Jennings, . . . hereby retain William T. Coplin, Jr., . . . to represent me in my claim for Social Security and/or Supplemental Security Income (SSI) disability benefits, on the following terms: . . . We agree that if [the Social Security Administration] favorably decides my claim . . . at the ALJ hearing level <u>after</u> a decision by the Appeals Council or Federal Court . . . I will pay my attorney a fee equal to 25% of all past-due benefits in my Social Security and/or SSI disability claims, . . . .").)

Following a decision by the Commissioner denying benefits, and a subsequent appeal to this Court, this case was remanded to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (*See* docs. 25 and 26.)  On January 23, 2015, the Administrative Law Judge issued a favorable decision determining that the Plaintiff is entitled to disability insurance benefits and supplemental security income.  (Doc. 33-2.)  The Commissioner determined that the Plaintiff was entitled to past-due benefits beginning in November 2010 and totaling $41,797.00.  (Doc. 33-3 at 1, 3.)  The Commissioner withheld twenty-five percent (25%) of those past-due benefits, that is, $10,449.25, for payment of attorney's fees. (*Id.*) The Petitioner has submitted a fee petition to the Social Security Administration seeking $6,000.00 in fees for representing the Plaintiff during the proceedings before the Social Security Administration.  (Doc. 33-4.)

The Petitioner requests that this Court approve an attorney's fee, pursuant to 42 U.S.C. § 406(b), in the amount of $1,884.58 for his services representing the Plaintiff in this Court.  (Doc. 33.)  He states that this fee represents 25% of the past-due benefits to which the Commissioner has determined the Plaintiff entitled under the Social Security Act ($10,449.25), less the $6,000.00 fee the Petitioner is currently seeking from the Social

Security Administration, and less the EAJA fee that the Petitioner has already received in the amount of $2,564.67.  (*Id.*)  Thus, the Petitioner effectively seeks a $4,449.25 fee for his legal services in this Court, but acknowledges that that fee must be reduced in the amount of the EAJA fee already received.[2]  (*See id.*)  In support of his fee request, he has submitted an itemized statement regarding the time spent pursuing the Plaintiff's claims in this Court. (Doc. 33-6.) The total time delineated therein is 16.4 hours.  (*Id.*)

## CONCLUSIONS OF LAW

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that a court which renders a favorable judgment to a Social Security claimant may award the claimant's attorney a reasonable fee for his representation of the claimant "not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits."[3]  § 406(b). Section 406(b) thus

---

[2]     "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S. Ct. 1817, 1822, 152 L. Ed. 2d 996 (2002) (citation and internal quotation marks omitted); *see Watford v. Heckler*, 765 F.2d 1562, 1566 n.5 (11th Cir. 1985) ("[N]o 'double recovery' is permitted, and any award received by the claimant's counsel under the EAJA for work done in court must be used to reimburse the claimant up to any amount previously awarded under 42 U.S.C. § 406(b)(1) for counsel's services in court." (citation omitted)).  Alternatively, however, "the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request."  *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).  Here, the Petitioner has elected to pursue the latter method of accounting for the EAJA fee.  (*See* doc. 33.)

[3]     "When a claimant receives a favorable administrative decision following a

3

"provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum." *Watford*, 765 F.2d at 1566 (emphasis in original) (citations omitted); *see Meyer v. Sullivan*, 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) ("[T]he total amount of attorney's fees that may be awarded under the [Social Security Act] . . . is limited to 25% of the past-due benefits awarded.").

The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht*, 535 U.S. at 808-809, 122 S. Ct. at 1829. As noted in *Gisbrecht*, "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.[4] . . . Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807, 122 S. Ct. at 1828 (footnote added).

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is

---

remand of a case by the district court to the [Commissioner], the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)." *Rohrich v. Bowen*, 796 F.2d 1030, 1031 (8th Cir. 1986) (citation omitted).

[4]     "The prescriptions set out in § 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants. Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 795-796, 122 S. Ct. at 1822 (citations omitted).

4

> similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id*. at 808, 122 S.Ct. at 1828 (internal citations omitted).

In line with *Gisbrecht*, therefore, this Court will begin with the contingency fee agreement and will only reduce the amount called for by the agreement upon a determination that this amount is unreasonable. In adopting this approach, the Supreme Court rejected the Eleventh Circuit's adoption of the lodestar calculation of fees in *Kay v. Apfel*, 176 F.3d 1322, 1323 (11th Cir. 1999) (rejecting the "contingent fee" approach to calculation of attorney's fees under § 406(b) in favor of the "lodestar" approach), in favor of the contingency fee approach of other Circuits, like that of the Second Circuit in *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (district courts must begin with the contingency fee agreement and may only "reduce the amount called for by the contingency agreement [] when it finds the amount to be unreasonable."). *See Gisbrecht*, 535 U.S. at 799 & 808-809, 122 S. Ct. at 1823-1824 & 1829.

The Commissioner has determined that the past due benefits to which the Plaintiff is entitled to receive total $41,797.00, (*see* doc. 33-3 at 3); twenty-five percent (25%) of this amount is $10,449.25, (*id*.). The contingency fee agreement which the Plaintiff entered into on May 27, 2009, contemplates attorney's fees of as much as twenty-five percent (25%) of the past-due benefits awarded the claimant, (*see* doc. 33-1), and it is clear to the Court that the $4,449.25 requested by the Petitioner herein, when combined with the $6,000.00 the Petitioner seeks from the Social Security Administration, (doc. 33-4), is not more than 25% of the past-due benefits the Plaintiff

has been awarded in this case.[5] Moreover, the Petitioner did not delay this case in any manner, nor can the Court find that the requested amount is so large as to be a windfall to the petitioner.[6] Given the length of the Petitioner's relationship with the claimant and the favorable results achieved by the Petitioner for the claimant, the undersigned considers the requested amount reasonable.

Additionally, as discussed above, *supra* note 2, the Petitioner requests that the Court deduct the $2,564.67 EAJA fee, previously received, from the instant fee request of $4,449.25 resulting in a fee award of $1,884.58.  (Doc. 33.)  Offsetting the EAJA fee in this manner is proper and results in a greater amount of benefits payable directly to the Plaintiff from the Commissioner.  *See Jackson*, 601 F.3d at 1273-74 ("By deducting the amount of the EAJA award from his § 406(b) fee request, [the petitioner] reduced the amount that [the plaintiff] would otherwise be required to pay in § 406(b) fees, thereby increasing the portion of past-due benefits payable directly to [the plaintiff].").

Accordingly, the Court authorizes the Petitioner to receive, as a fee for services rendered before this Court, the sum of $1,884.58, which, when added to the $6,000.00 the Petitioner seeks from the Social Security Administration, and the $2,564.67 EAJA fee already received, represents 25% of the total past-due benefits awarded to the Plaintiff.

## CONCLUSION

The Court **ORDERS** that the Petitioner receive as an attorney's fee for services

---

[5]    The aggregate attorney's fees recovered by the Plaintiff's attorney under sections 406(a) and 406(b) may not exceed 25% of the past-due benefits the Plaintiff is entitled to receive. 42 U.S.C. § 406(a)-(b); *Paltan v. Comm'r of Soc. Sec.*, 518 F. App'x 673, 674-75 (11th Cir. 2013) (citing *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970)).

[6]    The request, when broken down, renders an hourly rate of $271.30.

rendered in this Court the sum of $1,884.58 pursuant to 42 U.S.C. § 406(b).

**DONE** and **ORDERED** this the 10th day of June 2015.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**